**CALL, Plaintiff-Appellee, v. CALL, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 6035. Decided November 5, 1958.

King & Gross, George W. Gross, of Counsel, Columbus, for plaintiff-appellee.

Tyack & Gertner, George E. Tyack, of Counsel, Columbus, for defendant-appellant.

## OPINION

By PETREE, PJ.

This cause comes on to be heard upon the motion filed on September 30, 1958, of the plaintiff, appellee herein, which reads as follows:

"Now comes the plaintiff-appellee and moves the court for an order dismissing the within-styled appeal."

The order appealed from by the defendant, appellant herein, was filed in the Common Pleas Court, Division of Domestic Relations, on September 3, 1958. The order of the trial court overruled the motion of the defendant, appellant herein, to change the custody of the minor child of the parties. The entry contained additional orders with reference to visitation rights and certain costs. The appellee contends that the appeal should be dismissed because of the failure of the appellant to properly perfect his appeal by filing an appeal bond as provided for by §3109.07 R. C.

Chapter 3109 R. C., bears the heading "Infants." Sec. 3109.01 R. C., deals with a definition of the age of majority. Sec. 3109.02 R. C., makes certain exceptions for veterans as to their right to contract. Sec. 3109.03 R. C., deals with the right of parent to custody. Sec. 3109.04 R. C., provides for court decision as to custody as between parents. Sec. 3109.05 R. C., deals with the support of children. Sec. 3109.06 R. C., deals with the certification by any court other than a juvenile court respecting the care, custody, and support of a child under eighteen years of age to a juvenile court for further proceedings; said section makes other provisions relative to custody. The last section of the chapter is §3109.07 R. C., which reads as follows:

"An appeal to a higher court may be had upon the appellant's giving bond, with one good surety, to the adverse party, approved by the court from whose decree the appeal is taken, in a sum to be determined by it, but not less than accrued costs and a fair estimate of accruing costs. The court before whom such appeal is heard may decree the costs of the proceeding against either party, or divide them in any proportion."

In **Volz v. Volz, 167 Oh St 141,** the Supreme Court, in **Paragraph 4** of the syllabus, held as follows:

"4. The word 'appeal' as used in §8005-7 GC, and §3109.07 R. C., has the meaning specified in subdivision (A) of §2505.01 R. C."

Sec. 2505.01 (A) R. C., which is referred to, is as follows:

"(A) 'Appeal' means all proceedings whereby one court reviews or retries a cause determined by another court, an administrative officer, tribunal, or commission."

Since appeal as defined by §2505.01 (A) R. C., includes a review of the case as well as a retrial of the case, we feel bound to follow the majority opinion in Volz v. Volz, supra, respecting the manner in which one may appeal under the chapter on infants, which includes §§3109.03 to 3109.07 R. C. Since the Supreme Court in that majority opinion held that §3109.07 R. C., made the giving of a bond a condition of the right of appeal, and the time within which the appeal must be perfected will necessarily be as specified in §2505.07 R. C., we conclude that the appeal herein should be dismissed for the reason that it was not perfected within the time provided for by §2505.07 R. C. While the notice of appeal to a judgment of September 3, 1958, was filed on September 18, 1958, and amended on September 19, 1958, yet no bond was fixed by the trial court as required by law nor filed until September 30, 1958.

On this question of fixing bond, in **Gregg v. Mitchell, 99 Oh Ap 350, Headnote 3,** we find the following:

"3. Sec. 3109.07 R. C., which provides, inter alia, that 'an appeal to a higher court may be had upon the appellant's giving bond * * * approved by the court from whose decree the appeal is taken, in a sum to be determined by it,' prescribes the only method by which an appeal may be effected from an order fixing the custody of a child."

While ordinarily the notice of appeal is the act which is jurisdictional, Volz v. Volz, supra, holds otherwise in this particular type of appeal.

The motion of the appellee to dismiss the appeal will be sustained;

and in this particular case, although amended to an appeal on law and fact, it will not be retained on questions of law.

Since the decision in Volz v. Volz, supra, is clear and controlling upon this court, the application for oral hearing on this motion will be denied.

Motion sustained.

BRYANT and MILLER, JJ, concur.